UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN TITLE INSURANCE COMPANY, DOES I through X; and ROE CORPORATIONS I through X,<br><br>Defendants. | Case No. 2:19-cv-01151-JAD-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to De-Designate Documents as Protected Under the Stipulated Protective Order, or in the Alternative, to Allow Bayview to File Exhibits Under Seal (ECF Nos. 27 and 28).  The Court has considered Plaintiff's Motion, the Opposition (ECF No. 37), and the Reply (ECF Nos. 38 and 39).  The Court finds as follows.

**I.      BACKGROUND**

This dispute arises from disagreement over title insurance coverage issued on property located in Nevada.  As a preliminary matter, Defendant, North American Title Insurance Company, does not object to Plaintiff filing under seal documents marked as confidential pursuant to a Stipulated Protective Order entered by the Court on October 15, 2019 (ECF No. 12).  ECF No. 37 at 2.  However, Defendant does object to the de-designating of the two documents as confidential.

Plaintiff claims the documents—bulletins issued by Defendant identified as 2015-01 and 2018-04 (individually each a "Bulletin" and collectively the "Bulletins")—are not confidential, include "publicly available standardized coverage forms," and other information to which the public has an interest.  ECF No. 27 at 2-3.  Plaintiff further contends that Defendant is engaged in bad faith because "it knows endorsements provide coverage for Nevada HOA superpriority liens … [y]et it keeps representing to insureds and the courts that there is no coverage."  *Id*. at 3.  Plaintiff states that the forms listed on the 2015-01 Bulletin "are widely available" and that this Bulletin is simply a menu of such forms.  *Id*. at 4.  With respect to the 2018-04 Bulletin, Plaintiff claims the drafting

history included is not proprietary, not a trade secret, and that the types of claims Defendant covers is no different that "a health insurer acknowledging it covers open heart surgery." *Id*. at 5. Plaintiff says that other companies, similar to Defendant, make public documents such as the ones Defendant claims are confidential. *Id*. Finally, Plaintiff argues that even if the documents are confidential, they should not be protected because the public and Plaintiff "have a right to access these documents, which contradict the position" Defendant has taken in the instant, and other, litigation. *Id*. at 7.

Defendant does not dispute that the public, generally, has a right to access records filed in civil litigation; however, when the issue pertains to a non-dispositive matter before the court, the party advocating confidentiality need only demonstrate "good cause" to succeed in maintaining confidentiality. ECF No. 37 at 3-4. Defendant argues that good cause exists to maintain the confidentiality of the Bulletins Plaintiff seeks to "de-designate" because disclosure of the information, which is more than a menu and publicly available forms, would provide Defendant's competitors with an unfair advantage in the marketplace. *Id*. at 5-7. Defendant states that disclosure of the Bulletins would reveal to its competitors its choices leading to underwriting decisions. *Id*. at 8. Defendant points out that there are "dozens of nearly-identical lawsuits pending in this District (including this case), [and] five have resulted in dispositive rulings" all in favor of the title insurer such as Defendant. *Id*. at 3-4. Thus, Defendant states there is no evidence of bad faith. *Id*.

## II.   DISCUSSION

### A.   The Protective Order.

On October 15, 2019, the parties entered into a Stipulated Protective Order that includes the following definition:

> Confidential Information. "Confidential Information" shall mean and include, without limitation, any non-public information that concerns or relates to the following areas: confidential proprietary information, trade secrets, practices and procedures, personal financial information, commercial, financial, pricing, budgeting, and/or accounting information, information about existing and potential customers, marketing studies, performance projections, business strategies, decisions and/or negotiations, personnel compensation, evaluations and other employment information, and confidential proprietary information about affiliates, parents, subsidiaries and third parties with whom the parties to this action have or have had business relationships.

ECF No. 12 ¶ 2.1. Thus, the parties agree that "confidential information" is broader than trade secrets. In fact, "confidential information" includes, relevant to this dispute, "proprietary information," and "practices and procedures." Further, in paragraph 7.3 of the Stipulated Protective Order, the parties state that "[i]n the event any Confidential Information must be filed with the Court prior to trial, the proposed filing shall be accompanied by a motion to file the Confidential Information under seal that complies with Local Rule 10-5(b) and a proposed order, and the application and proposed order shall be directed to the judge to whom the Confidential Information is directed."

B.   The Standard for Filing Under Seal.

The parties do not dispute that access to judicial records are generally favored by the courts. Both parties cite to *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) for this and other generally applicable propositions. In this Ninth Circuit case, the appellate court analyzed the preference for public access to judicial records, making clear that this preference is not absolute. *Id.* at 1178 (citation omitted). As stated, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal citations and quote marks omitted).

While a "compelling reason" standard is one that must be overcome by the party seeking to maintain confidentiality to documents attached to dispositive pleadings, the court in *Kamakana* found that when documents are attached to a non-dispositive motion, "the usual presumption of the public's right of access is rebutted." *Id.* at 1179 (internal citations and quote marks omitted). In the non-dispositive context, "the public has less of a need for access to court records … because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* (Internal citations and quote marks omitted.) The court reasoned: "when a district court grants a protective order to seal documents during discovery, it already has determined that good cause exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* at 1179-80 (internal citations and quote marks omitted).

> In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of document attached to dispositive motions must meet the high threshold

3

> of showing that compelling reasons support secrecy. … A good cause showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Id*. at 1180 (internal citations and quote marks omitted). The "good cause showing will suffice to seal documents produced in discovery. … Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of the parties." (internal citations and quote marks omitted).

With these standards in mind, the Court considers whether to unseal (de-designate) the Bulletins at issue.

### C.   The Motion Pending Before the Court.

Plaintiff's Motion (ECF Nos. 27 and 28) seeks an order from the Court to de-designate the now-designated confidential Bulletins. In the alternative, Plaintiff asks to file the Bulletins under seal as part of its response to Defendant's Motion to Stay. *Id*. at 1. Plaintiff's primary concern appears to be based on the contention that Defendant is keeping something from the Court and the public in bad faith. Of course, documents filed under seal are not kept from this Court or any other court before whom similar cases are pending. Defendant's citations to five cases in this District, all of which have been decided in favor of the title insurers (ECF No. 37 at 3-4), strongly suggests that, at least to date, Defendant has not engaged in some bad faith hiding of relevant information that might change the outcome of the instant matter or any other matter before the court.

Moreover, while the public's interest in access to judicial records is appropriate to consider, this interest, as *Kamakana* states, is not absolute. Given that Plaintiff has the Bulletins (the two documents at issue) and Defendant has no objection to Plaintiff filing these documents under seal in opposition to the Motion to Stay, the Court considers whether the Motion to Stay is dispositive thereby requiring Defendant to meet the higher standard applicable to sealing judicial records or whether the Motion to Stay is non-dispositive requiring Defendant to meet the good cause standard.

The Court finds that the pending Motion to Stay is not dispositive. Whether this case is stayed or not stayed is not case-determinative. A stay, itself, does not lead to an outcome. While it is true that the case at bar will likely be impacted by one or more cases being appealed to the Ninth Circuit, it is also true that this dispute will be so impacted irrespective of a stay (which has not yet

been granted.  *See* ECF No. 18).  Because the pending Motion to Stay is not case-dispositive, the Court applies the "good cause" standard to determine whether the Bulletins are properly designated as confidential.

Although the protective order is not determinative of good cause, the fact that the parties agreed to a definition of confidentiality that includes proprietary information and practices and procedures does not go without notice.  Further, while the Court agrees with Plaintiff that there is no attorney-client privilege or work product privilege that applies to the Bulletins, as they were disclosed to individuals who would not fall within these privileges, the basis for keeping proprietary information and practices and procedures confidential transcends these well recognized privileges.  In fact, if the attorney-client privilege or work product privilege applied to the Bulletins, the stipulated protective order would not be needed.  Instead, the Court considers whether Defendants demonstrates "specific prejudice or harm" that would flow from the de-designation Plaintiff seeks, which the parties agree underlies the "good cause" standard applicable to non-dispositive motions (*see* ECF No. 27 at 6; No. 37 at 4). .

A review of the Bulletins show Plaintiff over simplifies their respective content.  Bulletin 2015-01 is not merely a menu of forms (although a series of forms are mentioned).  This Bulletin provides specific direction for title insurance agents in light of a September 2014 Nevada Supreme Court decision that, while maybe not unique to Defendant, was based on Defendant's assessment of the impact of that decision on its business.  ECF No. 37 at 6.  This document provides the practice and procedures Defendant is instructing agents to follow.  *Id*. at 6-8.  Given that the document instructs agents how to move forward with products offered by Defendant, disclosure of the document has real-world potential to provide Defendant's competitors with information regarding Defendant's business practices that Defendant does not want disclosed in a competitive market.

Bulletin 2018-04 is also distributed to Defendant's title agents.  Bulletin 2018-04 does include some drafting history, which the Court agrees may not alone be confidential; however, the Bulletin also includes guidelines and criteria for issuing specific endorsements in certain geographic areas of the U.S.  Whether other title companies may disclose information similar to that which

5

Defendant chooses not to disclose is, as Defendant states, further evidence of why Defendant seeks to keep its Bulletin 2018-04 confidential. Defendant's decisions and confidential direction to title agents may provide a competitive edge to Defendant.

The Court further finds important that there is no evidence that either Bulletin is available generally to the public or disseminated throughout the insurance industry. In fact, Defendant states the Bulletins are available only from a password protected website. Thus, there is no evidence that the confidentiality Defendant seeks arose in the context of this litigation based on some improper purpose.

The Court has the authority, pursuant to Fed. R. Civ. P. 26(c)(1)(g), to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way … ." The Bulletins, which Plaintiff complain contains no confidential information, are revealed to Defendant's title agents through a website to which neither the public nor the title insurance industry generally has access. The Bulletins are reasonably interpreted to contain business decisions made by Defendant resulting in instructions regarding proprietary practices and procedures for selling its products on a forward looking basis. These facts demonstrate that Defendant meets the good cause standard it must in order to maintain the confidentiality of the Bulletins. For these reasons, the Bulletins will not be de-designated as confidential. Plaintiff who is in possession of the Bulletins, and therefore is not disadvantaged in prosecuting its case, is authorized to file the Bulletins under seal.

**III.    ORDER**

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's Motion to De-Designate Documents as Protected Under the Stipulated Protective Order, or in the Alternative, to Allow Bayview to File Exhibits Under Seal (ECF Nos. 27 and 28) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motion to De-Designate Documents as Protected Under the Stipulated Protective Order is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Allow Bayview to File Exhibits Under Seal is GRANTED.

Dated this 9th day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE