# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Bayview Loan Servicing, LLC,

     Plaintiff

v.

North American Title Insurance Company,

     Defendant

Case No.: 2:19-cv-01151-JAD-EJY

**Order Staying Action Pending Decision in Related Appeal & Denying Pending Motions as Moot**

[ECF Nos. 18, 58, 59, 65, 66, 67, 71, 74, 76, 91, 92]

Nevada's 2008 housing crash kindled thousands of quiet-title lawsuits between the homeowners associations (HOAs) that foreclosed on homes when the homeowner stopped paying HOA assessments, the banks that held the first-trust deeds on those homes, and the investors who snapped those homes up at bargain-basement prices.  Having consumed the state and federal courts for more than half a decade now, those cases are burning out.  But as they do, a phoenix rises from their embers: the banks now sue the title insurers that issued policies when the mortgages were originated for failing to defend them in those quiet-title suits and cover their losses.

In some of the earliest of these next-generation actions, judges in this district have already held that the title-insurance policies—which contain standard industry form language— do not cover such claims.  North American Title Insurance Company, the title insurer in this case, moves to stay this action until the Ninth Circuit decides the appeal from one of those district-court rulings.  Because I find that a *Landis* stay is warranted, I grant the motion and deny as moot the other pending motions in this case.

1                                    **Background**

2          At the center of this case is a form title-insurance policy: the ALTA 1992 loan policy of

3   title insurance with form 1 coverage and form endorsements, issued by North American Title

4   Insurance Company (NATIC).[1]  That policy was issued 14 years ago when the mortgage for

5   which Bayview Loan Servicing, LLC now holds the deed of trust originated.[2]  When the

6   homeowner defaulted on its obligation to pay HOA assessments in 2012, the HOA enforced its

7   statutory lien rights by performing a non-judicial foreclosure under NRS Chapter 116.[3]  Bayview

8   filed a quiet-title action against the HOA, its foreclosure agent, and the foreclosure-sale

9   purchaser in 2016.[4]  When the targets of Bayview's claims asserted counterclaims and

10  affirmative defenses challenging Bayview's interest, Bayview submitted a claim under the

11  NATIC policy, seeking defense and indemnity.[5]  NATIC denied the claim, and Bayview now

12  sues NATIC for a declaration that the policy obligated NATIC to tender a defense and fully

13  indemnify Bayview for its losses, for breach of contract, for bad faith, and for statutory

14  violations.[6]

15         Many similar title-coverage cases are pending in this district.  In one such action

16  involving the same form policy and endorsements,[7] Chief Judge Miranda M. Du rejected Wells

17  Fargo Bank's policy interpretation and theories and dismissed its claims.[8]  That dismissal is

18

---

19  [1] ECF No. 1-2 at 8–10 (complaint), 47–61 (title-insurance policy).

    [2] *Id.* at 8.

20  [3] *Id.* at 6–8.

21  [4] *Id.* at 11–12.

    [5] *Id.* at 12.

22  [6] *See id.* at 18–22.

23  [7] Case No. 3:19-cv-241-MMD-WGC.

    [8] ECF No 12 (order granting motion to dismiss) in Case No. 3:19-cv-241-MMD-WGC.

currently on appeal to the Ninth Circuit, and briefing is nearly completed.[9]  NATIC moves to stay the instant action pending the Ninth Circuit's decision in that Wells Fargo appeal,[10] and Bayview opposes this request.[11]  Finding that a temporary stay is merited, I grant NATIC's motion.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[12]  When determining whether a stay is appropriate pending the resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[13]

**A.    A stay will promote the orderly course of justice.**

The significant overlap between this case and the *Wells Fargo* appeal ensures that a stay will promote the orderly course of justice.  These cases involve identical form title policies and endorsements and similar legal theories and claims.  Moreover, the policy intepretations that NATIC advances in its motion for judgment on the pleadings in this action[14] are the same ones

---

[9] Ninth Circuit Case No. 19-17332.  The reply brief is now due December 9, 2020.

[10] ECF No. 18 (motion to stay).

[11] ECF No. 25 (opposition to motion to stay).

[12] *Landis v. North American Co*., 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

[13] *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005).

[14] *See* ECF No. 71 at 5–14.  Bayview's lead argument in opposition to this motion was that the *Wells Fargo* appeal can't resolve issues in this case because no dispositive motions had been filed by the time Bayview filed its opposition.  *See* ECF No. 25.  Since then, NATIC filed a motion for judgment on the pleadings, ECF No. 71, and Bayview moved for summary judgment

being challenged in the *Wells Fargo* appeal, which has been pending for a full year already.[15] Indeed, NATIC's motion cites to and relies upon Chief Judge Du's *Wells Fargo* decision,[16] making it likely that Bayview will need to address that ruling in its response brief.  Waiting for the Ninth Circuit to decide that appeal may give this court and the parties a clear path forward in this case potentially without the need for further discovery and the resolution of the numerous discovery disputes that have already arisen in this case.

**B.    Hardship and inequity**

All parties face the prospect of hardship if I resolve the claims or issues in this case before the Ninth Circuit decides the same issues in *Wells Fargo*.  A stay will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be wasted or need to be duplicated.  Considering that the briefing on NATIC's motion for judgment on the pleadings is not yet concluded, entering a stay today will reduce the hardship and inequity for all parties.

**C.    Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future.  But a delay would also result from any rebriefing or supplemental briefing that may be necessitated once the Ninth Circuit decides the *Wells Fargo* appeal.  So it is not clear to me that a stay pending that decision will ultimately lengthen the life of this case.  Though Bayview argues that further passage of time may hinder its ability to obtain discovery in this case, I do not find

---

on the statutory-violation claim.  ECF No. 65.  Neither motion is fully briefed, and stipulations or motions to further extend the briefing deadlines have been submitted.  *See* ECF Nos. 76, 92.

[15] *See* Ninth Circuit Case No. 19-17332, Opening Brief (Dkt. #13).

[16] ECF No. 71 at 9–10.

this argument persuasive.  Though this lawsuit centers on a title-insurance policy issued in 2006, an HOA foreclosure sale that happened in 2013, and insurance claims denied in January 2017, Bayview waited to file this action until July of 2019.  And the parties have already been exchanging discovery and litigating discovery disputes.  Any documents or information that have been rendered unavailable due to the passage of time have already been lost, and a temporary delay to allow the Circuit to potentially resolve key issues in this case will likely not cause further discovery difficulties.

**D.      The length of the stay is reasonable.**

Finally, I note that a stay of this case pending the conclusion of the *Wells Fargo* appeal is expected to be reasonably short.  Briefing is currently scheduled to be completed in just two weeks.  Because the length of this stay is directly tied to the appeal, it is reasonably brief, and it is not indefinite.

## Conclusion

IT IS THEREFORE ORDERED that the motion to stay this case pending the conclusion of the *Wells Fargo* appeal **[ECF No. 18] is GRANTED.  This action is STAYED for all purposes.  The Clerk of Court is directed to ADMINISTRATIVELY CLOSE this case.**  Once the appeal in *Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co.*, Case No. 19-17332 (District Court Case No. 3:19-cv-0241-MMD-WGC), has concluded, any party may move to reopen this case and lift this stay.

IT IS FURTHER ORDERED that **the following motions are DENIED as moot** and without prejudice to the ability to refile them after the stay is lifted:

- Bayview's Motion for Order on North American Rights to "Claw-back" Documents under Seal **[ECF Nos. 58, 59]**;

- Bayview's Motion for Partial Summary Judgment **[ECF Nos. 65, 66]**;

- Bayview's Motion for an Order Determining Whether Exhibit Filed in Support of Motion for Partial Summary Judgment Must Be Filed Under Seal **[ECF No. 67]**;

- North American's Motion for Judgment on the Pleadings **[ECF No. 71]**;

- Bayview's Motion for Order Compelling Verification for Responses to Second Set of Interrogatories **[ECF No. 74]**; and

- Bayview's Motion to Stay Briefing on Motion for Judgment on the Pleadings **[ECF No. 76]**.

IT IS FURTHER ORDERED THAT **the following stipulations are DENIED as moot:**

- Stipulation for Extension of Time to Respond to Motion for an Order Determining Whether Exhibit Filed in Support of Motion for Partial Summary Judgment Must Be Sealed (Second Request) **[ECF No. 91]**;

- Stipulation for Extension of Time to Respond to Motion for Partial Summary Judgment (Second Request) **[ECF No. 92]**.

Dated: November 25, 2020

_____
U.S. District Judge Jennifer A. Dorsey