UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BAYVIEW LOAN SERVICING, LLC,

Plaintiff,

v.

NORTH AMERICAN TITLE INSURANCE COMPANY, DOES I through X; and ROE CORPORATIONS I through X,

Defendants.

Case No. 2:19-cv-01151-JAD-EJY

**AMENDED ORDER[1]**

Pending before the Court is Plaintiff's Motion for an Order Determining Whether Exhibit Filed in Support of Motion for Partial Summary Judgment Must be Filed Under Seal.  ECF No. 108 (unsealed), 109 (Sealed).  The Court considered Plaintiff's Motion, North American Title Insurance Company's Response (ECF No. 126), and Plaintiff's Reply (ECF Nos. 137, 138).

**I.     BACKGROUND**

This dispute arises from disagreement over title insurance coverage issued on a residential property located in Nevada.  Plaintiff seeks an order that would unseal two underwriting bulletins and testimony related to the same—all evidence produced by Defendant. Citing the bulletins themselves, testimony from Defendant's 30(b)(6) witness Kent Pelt, and bulletins made public by Defendant's competitors, Plaintiff argues the content of the bulletins are neither proprietary nor confidential.   Plaintiff further says that unlike the Court's analysis when denying Plaintiff's previously filed Motion to De-Designate the bulletins as confidential, the Court must analyze whether there is a "compelling  reason" for maintaining the secrecy of the same bulletins, which are now attached to a dispositive motion.

In response, Defendant says this is the fifth time Plaintiff has tried to obtain a court order unsealing the bulletins at issue, noting each prior effort failed.  Of course, Defendant also points to

---

[1]     The only changes reflected in this Amended Order are corrections of typographical and grammatical errors. Despite the minimal edits, the Court *sua sponte* orders the due date for any objection will run from the date of this Order, not the Order issued at ECF No. 156.

the Court's July 9, 2020 Order denying Plaintiff's Motion to De-Designate the bulletins that applied the "good cause" standard to exhibits attached to non-dispositive motions (ECF No. 41). Defendant argues that because the bulletins are irrelevant to Plaintiff's Motion for Partial Summary Judgment and Defendant's Countermotion, the good cause standard should apply to the current analysis as well. Defendant also argues two appeals currently pending before the Nevada Supreme Court involve the same form title insurance policy and endorsements that are at issue in this case. Defendant contends these appeals will likely control the interpretation of the at-issue policy and, therefore, the contents of the currently sealed bulletins will have no bearing on the outcome of motions pending in this case. Defendant also points out that the sealed bulletins are not applicable to the at-issue policy as this policy was issued in 2006, while the two bulletins were disseminated by Defendant in 2015 and 2018 respectively. ECF Nos. 106-15, 106-16.

In reply, Plaintiff focuses on the compelling reason standard applicable to the Court's analysis, which Plaintiffs argue Defendant cannot meet. Plaintiff says Defendant concedes there is no confidentiality agreement with its independent agents, Defendant discloses the bulletins to its insured upon request, and the information in the bulletins is widely available online.[2]

## II.    DISCUSSION

### A.    The Standard for Filing Under Seal.

The parties do not dispute that access to judicial records are generally favored by the courts. Both parties cite to *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) for this and other generally applicable propositions. In this Ninth Circuit case, the court analyzed the preference for public access to judicial records, making clear that this preference is not absolute. *Id.* at 1178 (citation omitted). As stated, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal citations and quote marks omitted).

While a "compelling reason" standard is one that must be overcome by the party seeking to maintain confidentiality to documents attached to dispositive pleadings, the court in *Kamakana* found that when documents are attached to a non-dispositive motion, "the usual presumption of the

---

[2]    The parties also make trade usage argument the Court does not summarize.

2

public's right of access is rebutted." *Id*. at 1179 (internal citations and quote marks omitted).  In the non-dispositive context, "the public has less of a need for access to court records … because those documents are often unrelated, or only tangentially related, to the underlying cause of action."  *Id*. (Internal citations and quote marks omitted.)  The court reasoned: "when a district court grants a protective order to seal documents during discovery, it already has determined that good cause exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality."  *Id*. at 1179-80 (internal citations and quote marks omitted).

> In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of document attached to dispositive motions must meet the high threshold of showing that compelling reasons support secrecy. … A good cause showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Id*. at 1180 (internal citations and quote marks omitted).  The "good cause showing will suffice to seal documents produced in discovery. … Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of the parties."  *Id.* (internal citations and quote marks omitted).  Finally, "[w]hat constitutes a compelling reason is best left to the sound discretion of the trial court."  *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quote marks omitted) *citing Nixon*, 435 U.S. at 599.

      B.    <u>The Motion Pending Before the Court</u>.

      Here, the Court considers whether there is a compelling reason to seal Exhibits O and P (the bulletins), and portions of the dispositive motions in which they are discussed, as these motions may ultimately be dispositive of substantive issues before the Court.  The Court reviewed the two bulletins on several occasions before considering the current arguments made by the parties.  Exhibit O and Exhibit P, attached to Plaintiff's Motion for Partial Summary Judgment, each state the bulletin "is intended for use by title insurance agents of … [Defendant] and any reliance by any other person or entity is not authorized."  *See* ECF Nos. 106-15 at 3, 106-16 at 6.  Exhibit O provides specific direction for title insurance agents in light of a September 2014 Nevada Supreme Court decision that, while perhaps not unique to Defendant, was based on Defendant's internal assessment of the impact of that decision on its business.  ECF No. 106-15, *see also* ECF No. 37-1 ¶ 4 (Pelt Declaration

offered in support of Defendant's opposition to Plaintiff's Motion to De-Designate).  Information provided in Exhibit O, guiding agents on how to move forward with offered products, is, as the Court previously found, real world information providing specific direction to Defendant's agents. Bulletin 2018-04 (Exhibit P) includes some drafting history, which alone may not be confidential; however, the bulletin also includes guidelines and criteria for issuing specific endorsements in certain geographic areas of the U.S.  ECF No. 106-16.  While the underlying basis for the guidance in Exhibits O and P may be well known in the title insurance industry, this does not necessarily equate to the conclusion that Defendant's specific directives, which are the import of these bulletins, have either been issued by other title insurers or made publicly available by Defendant.[3]

Plaintiff quotes the 2018 bulletin, and references the 2015 bulletin, arguing the information in these Exhibits is "materially identical to widely publicized" information.  ECF No. 138 at 8. Plaintiff cites James Gosdin's publication that addresses ALTA endorsements stating the "sentiment" in the Gosdin publication is "effectively echoed in" Defendant's 2015 bulletin.  *Id*.  Both bulletins discuss the endorsements addressed by Gosdin, but Defendant's bulletins also gives specific instructions to its agents making Defendant's business practices clear.  ECF Nos. 106-15, 106-16.

Plaintiff directs the Court to an order issued by U.S. District Judge Andrew P. Gordon in an unrelated case.  ECF No. 138 at 12-13.  That case presented a plaintiff who moved to seal a bulletin the defendant title company marked confidential.  *Deutsche Bank National Trust Company v. Westcor Land Title*, Case No. 2:20-cv-01706-APG-VCF.  The court entered a minute order indicating its intent to deny the motion because there was no need to seal the exhibit at issue.  *Id*. at ECF No. 68.  The court provided Defendant an opportunity to respond to the minute order explaining if defendant did not respond the court would deny the motion to seal.  *Id.*  The defendant title company failed to respond to the court's minute order and the exhibit at issue was unsealed.  ECF No. 69.  The order did not discuss the content of the exhibit or why the court found no basis to seal the document.  *Id*.

---

[3]      As explained by Mr. Pelt, regional underwriting counsel for Defendant, underwriting counsel drafted the bulletins at Exhibits O and P, the bulletins are considered confidential, the bulletins are disseminated to Defendant's agents, and the Exhibits are "[o]therwise … only accessible from a password-protected website."  ECF No. 37-1 ¶¶ 3-4.

Plaintiff's citations to other title insurers publicly available bulletins and endorsement guides do not demonstrate Defendant's bulletins are available outside of the dissemination to its agents or that the disclosure of Defendant's bulletins would not disadvantage Defendant in the marketplace.[4] Indeed, despite the passage of three years since Plaintiff first sought to de-designate the confidential status of the at-issue bulletins,[5] there is nothing before the Court demonstrating either bulletin is publicly available.[6]  In fact, neither Plaintiff's Motion nor Reply cite a public source for Defendant's bulletins.  *See* ECF Nos. 109, 138.[7]

Plaintiff is emphatic about the lack of confidentiality language in the bulletins and underwriter agreements.  However, this is not dispositive of reasonable steps to maintain secrecy. *Extreme Reach, Inc. v. Spotgenie Partners, LLC*, Case No. CV 13-07563–DMG (JCGx), 2013 WL 12081182, at *4 (C.D. Cal. Nov. 22, 2013) (finding plaintiff "established that it took reasonable steps to maintain the secrecy of its Customer List by password protecting it, making it available to only certain employees, and protecting it with a firewall"); *Bartech Sys. International, Inc. v. Mobile Simple Solutions, Inc.*, Case No. 2:15-cv-02422-MMD-NJK, 2016 WL 3002371, at *6 (D. Nev. May 24, 2016) (deciding an alleged trade secret was confidential because it was "kept within a password-protected, internal server, and only [plaintiff's] own developers had access to it"); *McMorrow v.*

---

[4]  *Compare id.*

[5]  *See* ECF No. 27 filed by Plaintiff on April 3, 2020.

[6]  While in his testimony Mr. Pelt admits there is no express confidentiality provision in the bulletins, he states confidentiality is industry expectation and, based on his almost 40 years in the industry, he knows the custom and practice—that is, "it's expected that agent's don't share this material with third parties." ECF No. 109-1 at 5, 7 (testifying the language in the bulletins and "the decades" he has worked in the industry, totaling "close to 40 years," evidence "the expectation and … industry standard … [that] people keep these bulletins confidential and only … distribute them with permission from the underwriters."). Disclosure to non-agents is a "case-by-case" assessment based upon "the reputable experienced agents" with whom Mr. Pelt has worked and, in any event, such disclosure is declined "in most cases." *Id.* at 12-13.

[7]  In its moving papers, Plaintiff points to Stewart Title bulletins apparently available on that company's virtual underwriting website.  Plaintiff says that Stewart Title discloses "thousands of pages of documents" and there is "a bulletin" that Stewart Title issued after "the Nevada Supreme Court [issued] its decision in *SFR Investments*."  ECF No. 109 at 3.  Plaintiff says the instructions given to Stewart Title agents are the same instructions as Defendant gave its agents in its bulletins.  *Id.*  Plaintiff does not quote the language or cite to specific exhibits the Court could compare; although it does provide the Court with the Stewart Title website for its virtual underwriter stating "[t]his document is publicly available on Stewart Title's underwriting website …."  *Id.*  The Court did not search the Stewart Title website, containing "thousands of pages of documents," to find the document to which Plaintiff refers that supposedly contains the same instructions given by Defendant in a bulletin at issue in this case.  Plaintiff apparently, although it is not entirely clear, offers the Stewart Title quotations in its Reply.  ECF No. 138 at 9.  However, there are two problems with the information offered.  First, Defendant did have an opportunity to respond to this new information.  Second, presuming Defendant is nonetheless familiar with the quoted language, it does not demonstrate that Defendant's bulletins are publicly available, that the instructions given to Defendant's agents are contained in the Stewart Title bulletins, or that the disclosure of Defendant's bulletins would not result in a competitive disadvantage.

*Mondelez International, Inc.*, Case No. 17-cv-2327-BAS-JLB, 2021 WL 488337, at **2-3 (S.D. Cal. Feb. 10, 2021) (finding of competitive advantage constituted a compelling reason to seal documents); *Synchronoss Technologies, Inc. v. Dropbox Inc.*, Case No 16-cv-00119-HSG, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (finding documents that are highly confidential and contain proprietary information properly sealed when the information is not publicly available or disclosed and maintained in a confidential manner).

Further, as the Court recently stated in *U.S. Bank National Association v. North American Title Insurance Company*, Case No. 19-cv-00424-JAD-EJY, "[w]hile the existence of a trade secret will generally satisfy a party's burden of showing a compelling reason for sealing documents, even if a trade secret does not exist, a court may still find a compelling reason" to grant a sealing request). ECF No. 77 at 5 *citing Kondash v. Kia Motors America, Inc.*, 767 Fed.Appx. 635, 638 (6th Cir. 2019) *quoting Kondash v. Kia Motors America, Inc.*, Case No. 1:15-cv-506, 2018 WL 770418, at *4 (S.D. Ohio Feb. 7, 2018).  In fact, a decision to seal does not equate to an order finding that a document contains or is a trade secret.  A decision to seal finds only that compelling reasons for sealing are met. *Kamakana*, 447 F.3d at 1178-79.  No finding of trade secret is made here.

The Court has discretionary authority to determine compelling reason, and express authority under to Fed. R. Civ. P. 26(c)(1)(g) to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," when the disclosure sought contains confidential research, development, or commercial information not otherwise publicly available. The bulletins are reasonably interpreted by the Court to contain confidential business decisions made by Defendant resulting in instructions regarding proprietary practices and procedures for selling its products on a forward looking basis.  The bulletins are disseminated to Defendant's title agents with the industry practice of maintaining confidentiality and, thereafter, are only available through a website to which neither the public nor the title insurance industry generally has access.  Access on the website is password protected.  There is no evidence of public or industry access to the content of Defendant's bulletins provided to the Court.  There is no evidence that any agent associated with Defendant has violated the confidentiality expected.  Defendant's efforts are sufficient to find it has taken reasonable steps to maintain the confidentiality of the bulletins.

1  **III.   ORDER**

2       Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for an Order

3  Determining Whether Exhibit Filed in Support of Motion for Partial Summary Judgment Must be

4  Filed under Seal.  ECF No. 108 (unsealed), 109 (Sealed) is GRANTED to the extent the Court finds

5  the Exhibits filed under seal in support of the Motion for Partial Summary Judgment (ECF Nos. 106-

6  15 and 106-16) are and shall remain sealed.

7       IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment filed

8  under seal at ECF No. 106 is and shall remain sealed.

9       IT IS FURTHER ORDERED that Defendant's Response and Countermotion for Partial

10  Summary Judgment filed at ECF No. 121 is and shall remain sealed.

11       IT IS FURTHER ORDERED that Plaintiff's Motion for an Order Determining Whether

12  Exhibit Filed in Support of Motion for Partial Summary Judgment Must be Filed under Seal.  ECF

13  No. 108 (unsealed), 109 (Sealed) is DENIED to the extent it sought to unseal Exhibits filed at 106-

14  15 and 106-16.

15       IT IS FURTHER ORDERED that any objection to this Order will be due on June 30, 2023.

16       Dated this 16th day of July, 2023.

17

18  _____
    ELAYNA J. YOUCHAH
19  UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28