# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Bayview Loan Servicing, LLC,<br><br>　　Plaintiff<br><br>v.<br><br>North American Title Insurance Company,<br><br>　　Defendant | Case No.: 2:19-cv-01151-JAD-EJY<br><br>**Order Denying Motions Without Prejudice in Light of Nevada Supreme Court Decision in *Deutsche Bank v. Fidelity National Title Insurance Company*** <br><br>[ECF Nos. 105, 106, 120, 163] |

  This is one of the many second-generation HOA foreclosure cases in which mortgage holders sue title insurers for failing to defend and indemnify them in the first-generation quiet-title suits that swamped Nevada's courts for many years. The central issue in this case and its cousins is whether the title-insurance policies, which contain standard industry form language, cover such claims. Both sides have moved for summary judgment. Plaintiff Bayview Loan Servicing, LLC asks this court to find that the California Land Title Association (CLTA) form endorsements 100 and 115.2 obligated North American Title Insurance Company to defend and indemnify Bayview and its predecessor in the 2016 quiet-title litigation in which foreclosure-sale-purchaser Saticoy Bay, LLC sought a declaration that the deed of trust that secured the mortgage on the home at 5024 Blue Rose Street in Las Vegas, Nevada, was extinguished by operation of Nevada Revised Statute (NRS) 116.3116.[1] The title insurer countermoves for a summary adjudication that neither of these endorsements provided coverage for that suit.[2]

  Today, the Nevada Supreme Court, sitting en banc, unanimously held in *Deutsche Bank National Trust Company v. Fidelity National Title Insurance Company* that the title insurer's

---

[1] ECF No. 105 (Bayview's motion for partial summary judgment).

[2] ECF No. 120 (NATIC's motion for partial summary judgment).

construction is the right one: "operation of NRS 116.3116 precludes coverage under the title-insurance policy endorsements CLTA 115.2 and CLTA 100."[3]  Because this ruling significantly impacts the pending motions for summary judgment and moots many of the arguments in support of them, in order to allow the parties a reasonable opportunity to assess how this decision impacts this case and their respective litigation strategies,

IT IS ORDERED that the pending cross-motions for partial summary judgment **[ECF Nos. 105, 106 (sealed), and 120] are DENIED** without prejudice to the filing of new motions for summary judgment no later than November 30, 2023.

And because the denial of these motions without addressing their merits moots the issue of whether the magistrate judge properly held that exhibits to that briefing should be filed under seal [ECF No. 160], IT IS FURTHER ORDERED that the objection to the magistrate judge's sealing order **[ECF No. 163] is OVERRULED as moot** and without prejudice to the filing of a new motion to seal any exhibits that truly need to be attached to any forthcoming motion for summary judgment.  **The Clerk of Court is directed to maintain any existing seals.**

_____
U.S. District Judge Jennifer A. Dorsey
October 12, 2023

---

[3] *Deutsche Bank National Trust Company v. Fidelity National Title Insurance Company*, 139 Nev. Adv. Op. 45 (Oct. 12, 2023).